IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | 2:25cr386-MHT |
| ) | (WO) |
| ARSENIO HALL ) | |

OPINION AND ORDER

This case is before the court on the government's sealed motion to continue the trial because of the unavailability of an essential witness. For the reasons set forth below, the court finds that the jury trial for defendant Arsenio Hall, now set for November 17, 2025, should be continued to December 15, 2025, pursuant to 18 U.S.C. § 3161(h)(3)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance "resulting from the absence or unavailability of the defendant or an essential witness." § 3161(h)(3)(A). "[A]n essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." § 3161(h)(3)(B).

The Act does not define 'essential witness.' However, "the Senate Judiciary Committee report accompanying the bill that became the Speedy Trial Act explained that an 'essential witness' is a 'witness so essential to the proceeding that continuation without the witness would either be impossible or would likely

2

result in a miscarriage of justice.'" *United States v. Miles,* 290 F.3d 1341, 1350 (11th Cir. 2002) (quoting S. Rep. No. 93-1021, at 37 (1984), reprinted in 1984 U.S.C.C.A.N. 7401)).  "Where a witness is unquestionably important, and the government has a good faith belief that it will use that witness's testimony at trial, that witness may be deemed 'essential' for purposes of the Speedy Trial Act. If, however, the witness's anticipated testimony will be merely cumulative, or substantially irrelevant, that witness should be deemed non-essential."  *Id.*, 290 F.3d at 1350 (quoting *United States v. Eagle Hawk*, 815 F.2d 1213, 1218 (8th Cir. 1987)).  Further, "[a] witness may be deemed essential for the purposes of the Act, even though the government could obtain a conviction without his testimony."  *Id.*

After two hearings on the record with both parties and additional briefing by the government, the court concludes that the government's witness is essential to

3

a fair trial and is currently unavailable for the scheduled trial term. Therefore, a continuance is justified until the government can procure the witness for trial.

During the first status conference, the government presented the following reasons why the witness is essential to its case. The government's witness was interviewing an acquaintance of Hall while, at the same time, the acquaintance talked to Hall on her cellphone's speakerphone. In that interview, the government's witness heard an alleged confession by Hall that came through Hall's acquaintance's speakerphone. While the interview with Hall's acquaintance was recorded, the government represented (a) that the recording captured only faintly Hall's alleged confession because his voice came through the cellphone's speakerphone, (b) that, while the government could employ software to enhance the recording, the alleged confession would still be

4

difficult to hear, and (c) that its witness was familiar with Hall, could recognize and identify his voice, and would testify that it was Hall whom he heard allegedly confess to the charged crime.

Hall concedes that the government's witness is important to present the testimony about his alleged confession at trial and that it is difficult to hear the alleged confession on the recording. Also, while Hall's acquaintance was another witness to his alleged confession, the government asserts that she is an adverse witness to its case. Defense counsel agrees. Thus, Hall does not dispute that the witness is essential to the government's case.

The court agrees with the government and Hall that the witness is essential. The government's witness is essential due to (a) his presence during the alleged confession, (b) his acquaintance with Hall and attendant ability to recognize Hall's voice, and (c) the lack of alternative means of introducing that

5

evidence, because the other witness to the call--Hall's acquaintance--is adverse to the government, and the recording of the alleged speakerphone confession is faint and difficult to hear.

The remaining issues are whether the government's witness is 'unavailable' and, if so, for how long. The witness's wife is undergoing a caesarian delivery on the date of the scheduled trial. *See* Sealed Government Mot. to Continue (Doc. 17) at 2. She will not be able to lift objects of 10 pounds or more for two weeks after the surgery, and the witness will be her caretaker during that period. The government originally asked for at least a six-week continuance because that is the period that the witness will be on leave from his job to care for his wife and newborn. However, it has more recently represented to chambers staff that its witness could be available to testify as early as December 1, 2025.

The court finds that the government's witness is 'unavailable' under the Act during the currently scheduled trial term due to the serious nature of his wife's scheduled surgery, because it is scheduled for the same day as the trial, and because the witness needs to care for his wife and newborn as she recovers--making it unreasonable to require him to leave his family to appear in court.[1] *Cf. United States v. O'Connor*, 656 F.3d 630 (7th Cir. 2011) (finding an essential witness was unavailable under the Act when she had to care for her seriously ill baby); *United States v. Meyer*, 803 F.2d 246 (6th Cir. 1986) (holding that an essential witness was 'unavailable' under the Act because it would be unreasonable to require him to

---

1. Further, due to the reasons set forth above regarding the unavailability of the government's witness, the court concludes that, in this case, the ends of justice served by granting this continuance--until the essential witness becomes available--outweigh the interest of the public and Hall in a speedy trial. The court finds that conducting the trial without an essential witness would "result in a miscarriage of justice" in this case. § 3161(h)(7)(A).

appear for trial when his honeymoon had previously been scheduled for the trial date and he had expended a great deal of nonrefundable money on the trip).

Hall objected to the requested six-week delay of trial because he is incarcerated and wants to vindicate his right to a speedy trial.  The government indicated orally to chambers staff that, starting on December 1, the witness will be able to arrange for care for his wife and child for the several hours it will take for him to come to court to testify during his leave.[2] Given the representations that the witness lives close to the courthouse and that his wife will be restricted to lifting about 10 to 15 pounds only for the first two weeks after the procedure, *see* Government's Suppl. to Mot. to Continue (Doc. 21) at 2-3, the court finds that the witness is unavailable for this two-week period.

---

2.  To accommodate the witness's situation as much as is possible, the court will allow the witness to testify at a predetermined time, even if that means interrupting other witness testimony.

8

The court will set the trial for December 15, 2025. This four-week delay is appropriate for the situation facing the government's witness, and it is the earliest that the court can set a feasible jury term.  While the time from November 17, until December 1, 2025, is the only time excludable under this continuance, Hall's trial will, in any case, still fall within the 70-day period mandated by the Speedy Trial Act.

The court notes the following reasons for why the trial will commence two weeks after the witness at issue becomes available under the Act.  The parties orally represented to chambers staff that they would prefer not setting trial for the week of December 1, 2025, due to potential air-travel delays arising from defense counsel's returning from the Thanksgiving holiday, along with the same travel-delay concern for the non-local government witnesses.  In light of this issue, the next available date that the court feasibly could schedule a new jury trial term is December 15,

2025, and setting trial for that date does not violate the Act.

***

Accordingly, it is ORDERED that the sealed motion to continue trial (Doc. 17) is granted, and the jury selection and trial for defendant Arsenio Hall, now set for November 17, 2025, are continued to December 15, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, with all unexpired deadlines tied to this date adjusted accordingly.

DONE, this the 21st day of October, 2025.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**