IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   )<br>                              )<br>     v.                       )<br>                              )<br> ARSENIO HALL                 ) | CRIMINAL ACTION NO.<br>   2:25cr386-MHT<br>        (WO) |

OPINION

In entering an order (Doc. 66) denying defendant Arsenio Hall's second motion in limine (Doc. 48) regarding the government's failure to comply with an expert-witness disclosure deadline in the court's 'standing order' on criminal discovery, *see* M.D. Ala. SO CR. Misc. #534, the court omitted giving the basis for the denial.  The court does so now.

A standing order is "[a] prospective omnimbus court order that applies to all cases pending before a court."  *Order*, BLACK'S LAW DICTIONARY (12th ed. 2024). Here, the standing order at issue provides in its introduction that it "is intended to promote the efficient exchange of discovery without altering the

rights and obligations of the parties, but at the same time eliminating the practice of routinely filing perfunctory and duplicative discovery motions." Standing Order on Criminal Discovery, M.D. Ala. SO CR Misc. #534.  The order then provides: "(1) Disclosure by the Government. At arraignment, or on a date otherwise set by the court for good cause shown, the government shall tender to defendant the following: (A) Fed. R. Crim. P. 16(a) Information. All discoverable information within the scope of Rule 16(a) of the Federal Rules of Criminal Procedure." *Id.*  The question is whether the court may extend this deadline with regard to disclosure of expert witnesses here.

This court-wide standing order merely obviates the need for counsel to file discovery motions in each and every criminal case and for the court then to enter deadlines for those motions in all such cases.  It is merely an efficiency device.  Nevertheless, the order still recognizes that the court may, in each individual case, still reset a discovery deadline to any date "for

2

good cause shown." *Id.* At bottom, the court retains the authority and broad discretion to set discovery deadlines based on the particular circumstances presented in a criminal case. *Cf.* M.D. Ala. LCrR 1.1(e) ("Any judge of this Court may suspend application and enforcement of these local rules, in whole or in part, in the interests of justice in individual actions. When any judge of this Court, in a specific action, issues any order which is not consistent with these rules, such order shall constitute a suspension of the rules with respect to that action only, and only to the extent that such order is inconsistent with the rules.").

Hall was not in any way prejudiced by the extension (for he already had in his possession, within sufficient time, the underlying expert-witness information), and the government's oversight was simply a human error, and not done in bad faith. If Hall had committed the same human error under the same circumstances, the court would have done the same for

3

him.  To apply the standing order as suggested by Hall (where the absence of prejudice is not a factor to be considered) would be unfairly limiting in the court's determination of the circumstances of how to apply the order.

Here, not only was "good cause" shown as required by the standing order, the extension was simply fair and just and within the court's discretion.

DONE, this the 22nd day of December, 2025.

                                        /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**